Hon. Gerald C. Sternberg Assistant Corporation Counsel, Mount Vernon
This is in response to your letter of July 3, 1979, wherein you ask the following questions relating to civil defense auxiliary police officers:
 (1) Pursuant to 1972 Atty Gen [Inf Opns] 181 and section 400.00 of the Penal Law, what class of pistol permits does an auxiliary police officer need in order to carry a pistol while on auxiliary police duty?
 (2) May auxiliary police officers who are given peace officer status by city ordinance make arrests pursuant to CPL 140.25 and 140.27 or are they precluded from doing so because they are not defined as peace officers in Criminal Procedure Law, § 1.20 (33)?
 (3) If authorized to do so by a police officer, can an auxiliary police officer use a nightstick to effect an arrest or prevent an escape pursuant to Penal Code, § 35.30 (3) (b), even though auxiliary police are not exempted from prosecution for unlawful weapons possession under Penal Code, § 265.20 (a) (1) (a)?
You have enclosed a copy of a city ordinance which confers peace officer powers upon the members of the City of Mount Vernon auxiliary police during periods of authorized drill, attack or public emergency, subject to the limitations contained in the New York State Defense Emergency Act.
In 1972 Atty Gen [Inf Opns] 181 we concluded that the conferring of peace officer status upon auxiliary police officers pursuant to the State Defense Emergency Act does not exempt them from the provisions regarding unlawful possession of weapons contained in the Penal Law. As such, auxiliary police officers on duty are no different from any individual in regard to the type of permit needed to carry a pistol. In 1972 Opns Atty Gen 4, we discussed issuance of pistol licenses under Penal Law, §400.00.
As we discussed therein, Penal Law, § 400.00 (2) sets forth five types of licenses. The first two classes of licenses restrict licenses as to place of possession (dwelling and place of business) and the second two classes restrict possessions as to time (while employed by certain institutions). The fifth class of license, and the one which applies to auxiliary police officers exercising peace officer powers during times of public emergency, attack or drill, provides that such individuals may have and carry a concealed pistol without regard to employment or place of possession "when proper cause exists for the issuance thereof."
Sections 140.25 and 140.27 of the Criminal Procedure Law provide the circumstances under which peace officers other than police officers may arrest a person without a warrant. We find nothing in the above-cited sections of the Criminal Procedure Law which limit their application to only those peace officers who are so defined by section 1.20 (33) of the Criminal Procedure Law (See, 1971 Opns Atty Gen 37; 1977 Opns Atty Gen 52). The situation is thus distinguishable from the issue discussed in 1972 Atty Gen [Inf Opns] 181 regarding the provisions of Penal Law, § 265.20 (a) (1) (a), since that section specifically provides that it is applicable only to "peace officers as defined in subdivision thirty-three of section 1.20
of the criminal procedure law * * *."
Penal Law, § 35.30 (3) (b) provides that a person may use deadly physical force to assist a peace officer to effect an arrest or to prevent an escape from custody when said individual is directed or authorized by such peace officer to use deadly force, unless he knows that the peace officer himself is not authorized to use deadly physical force under the circumstances. The term "deadly physical force" is defined in Penal Law, § 10.00 (11) to mean "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury."
Although auxiliary police officers may not possess a nightstick [Criminal Procedure Law, § 265.20 (1) (a)], they may use a police officer's nightstick to effect an arrest or prevent an escape from custody pursuant to Penal Law, § 35.30 (3) (b) where directed by said police officer to provide such assistance. Under such limited circumstances, auxiliary police officers would not be subject to prosecution for unlawful weapons possession. This conclusion does not provide authority for auxiliary police officers to carry nightsticks, but rather recognizes an exception to the provisions of Penal Law, § 265.20 (a) (1) (a) in the situation where a peace officer who is authorized to possess a nightstick directs or authorizes an auxiliary police officer to use said weapon for the purpose of effecting an arrest or preventing an escape from custody.
Since we conclude that under certain circumstances, auxiliary police officers may make arrests and use a weapon, we reach no determination in regard to your question concerning the peace officer powers that auxiliary police officers may be given under section 9185 of the State Defense Emergency Act.